**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ROBERT L. HEDRICK,

Petitioner,

v.

THOMPSON,

Respondent.

Civil Action No. 26-358 (MAS)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Petitioner Robert L. Hedrick's ("Hedrick") fourth amended habeas petition filed pursuant to 28 U.S.C. § 2241 (ECF No. 14), which was transferred to this Court from the Southern District of Texas (ECF No. 22). Following an order to answer, the Government filed a response to the petition (ECF No. 27), to which Petitioner replied (ECF No. 28). For the following reasons, Petitioner's fourth amended petition shall be denied.

## I. BACKGROUND

Petitioner is currently serving a 360-month sentence arising from a child pornography and attempted sexual exploitation of children conviction entered against him in the Southern District of Texas. (*See* ECF No. 27-1 at 2.) Following his conviction, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was summarily denied by a district judge in the Southern District of Texas who concluded the motion was a recapitulation of a conspiracy theory Petitioner had previously asserted in his criminal proceedings. (*Id.* at 2-3.) Petitioner appealed that dismissal. On December 30, 2020, the Fifth Circuit issued a decision that: (1) granted

Petitioner a certificate of appealability; and (2) determined that the district judge erred in dismissing Petitioner's motion to vacate sentence without addressing the merits of Petitioner's ineffective assistance of counsel claims raised in the motion. (*Id.* at 3-4.) The Fifth Circuit therefore vacated the dismissal of Petitioner's § 2255 motion and remanded the matter to the district court for a decision on the merits of Petitioner's motion to vacate sentence. (*Id.*) The Fifth Circuit did not vacate Petitioner's underlying conviction or rule upon it. Instead, the Court of Appeals merely overturned the dismissal of his motion to vacate sentence. (*Id.*) Indeed, the Fifth Circuit expressly declined to address the merits of Petitioner's challenge to his conviction, leaving that for the district court in the first instance. (*Id.*)

Following remand, the district court denied Petitioner's motion to vacate sentence on the merits in August 2022. (ECF No. 27-2 at 2.) The Fifth Circuit thereafter denied Petitioner a certificate of appealability. (*See Hedrick v. United States*, No. 17-36 (S.D. Tex.) Docket Sheet). It is thus clear that Petitioner's conviction has not been vacated, and he remains subject to the 360-month sentence he is currently serving.

Notwithstanding these facts, Petitioner filed his operative petition in this matter in the Southern District of Texas pursuant to § 2241 in 2025. (ECF No. 14.) In that petition, Petitioner argues that: (1) the Fifth Circuit overturned his conviction in December 2020; (2) he is not currently convicted of any crime; and (3) his current detention in BOP custody is therefore unlawful. (*Id.*) Petitioner's current petition is not the first time Petitioner has raised these claims. Petitioner previously filed a similar petition which the Court denied as meritless in 2024. *See Hedrick v. Fed. Bureau of Prisons*, No. 24-10299, 2024 WL 4903539 (D.N.J. Nov. 27, 2024), *reconsideration denied*, 2025 WL 1899656 (D.N.J. July 9, 2025).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition and habeas relief may be extended to a petitioner only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his habeas petition, Petitioner contends that his conviction was overturned by the Fifth Circuit in December 2020, and that he is therefore being improperly detained by the BOP without a supporting conviction. As the Court previously explained to Petitioner, however, "Petitioner's [conviction and] sentence ha[ve] not been vacated." *Hedrick*, 2025 WL 1899656, at *2. Although the Fifth Circuit vacated the dismissal of Petitioner's motion to vacate sentence and remanded for further consideration, the Fifth Circuit's order did not in any way address, vacate, or overturn Petitioner's underlying conviction, which remains valid and provides more than sufficient support for Petitioner's continued imprisonment. Petitioner's assertion that he has not been convicted of a crime is therefore meritless, and his petition must be denied as such.

In his reply brief, Petitioner also attempts to reraise his claim that he was framed for his underlying criminal charges as a coverup for an alleged conspiracy. These arguments essentially amount to an attempt to collaterally attack his conviction through this § 2241 habeas matter. The Supreme Court, however, has "definitively foreclosed" the ability of a prisoner to use a § 2241 petition as a vehicle to challenge a conviction or sentence. *See In re Edwards*, 98 F.4th 425, 436 (3d Cir. 2024) (citing *Jones v Hendrix*, 599 U.S. 465 (2023)). Petitioner may therefore not resort to challenging his conviction in this matter merely because he cannot meet the gatekeeping requirements of the required mechanism for challenging his conviction—a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 in the district in which he was convicted. *Id.*

Petitioner's attempt to relitigate his conviction and conspiracy claims must therefore be dismissed as improperly raised in this matter.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's fourth amended habeas petition (ECF No. 14) is **DENIED**. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE